IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LM INSURANCE CORPORATION, )
)
    Plaintiff, )
)
v. ) CASE NO. CV409-042
)
ASSOCIATED TRANSPORT, INC. )
)
    Defendant. )
)

## O R D E R

Before the Court are the Parties' Cross-Motions for Partial Summary Judgment. (Docs. 20, 21.) Therein, the Parties seek a legal determination based upon a hypothetical set of facts as to one element of the single claim in the Complaint. (Docs. 20, 21.) Both Parties acknowledge that any ruling on these Motions will not resolve the singular claim or have any actual legal effect, it will simply aid in the settlement of the case. (Doc. 17.) Because these Motions cannot be made pursuant to the Federal Rules of Civil Procedure and established case law, they are **DISMISSED**.

## BACKGROUND

The Complaint in this case sets forth a single count for breach of contract. (Doc. 1 at 4-5.) Plaintiff, who provides workman's compensation insurance to Defendant, contends that the

Defendant misreported its number of employees,[1] resulting in additional owed premiums. (Id.) Defendant contends that the workers at issue are independent contractors, not employees, who are covered by alternate insurance policies. (Doc. 17 at 1-2.) Defendant contends that this arrangement puts these workers outside of the coverage Plaintiff provides. (Doc. 17 at 1-2.)

The Motions presently before the Court are not standard summary judgment motions. Instead, they ask a narrow legal question to be decided based upon a set of hypothetical facts. (See Docs. 20, 21.) Specifically, the Parties seek the answer to the following question:

> Did LM have exposure for the payment of a worker's compensation claim under the LM Workers' Compensation policy issued to Associated Transport for the coverage period March 11, 2007 through March 11, 2008 for Associated Transport drivers who were insured by or who were issued a Transguard Occupational Accident policy with Contract Liability rider assuming *arguendo* and for the purposes of this motion only that one or more of those drivers claimed to be a "covered employee" of Associated Transport for the purposes of workers' compensation claims during the LM workers' compensation insurance policy period?

(Doc. 20 at 1; Doc. 21 at 1.) The Parties have filed these Motions to avoid unnecessary discovery, stating that while they will not resolve any claim they will aid in settlement. (Doc. 17 at 1.) That is, regardless of the Court's answer to the question, no judgment may be entered because there will remain a

---

[1] The workers at issue here are truck drivers who work with Defendant. (Doc. 17.)

2

material issue of fact as to whether Defendant's workers are properly classified as employees or independent contractors. (Doc. 17; Doc. 20 at 2; Doc. 21 at 1.)

**ANALYSIS**

Federal Rule of Civil Procedure 56 provides that "a party claiming relief may move . . . for summary judgment on all or part of the claim." However, "[i]t is well-settled that summary judgment is not appropriate if the judgment would not be dispositive of a claim." Asher Assoc., LLC v. Baker Hughes Oilfield Operations, Inc., 2009 WL 1468709, at *2 (D. Colo. May 20, 2009) (unpublished); accord Mathewson v. Lincoln Nat'l Life Ins. Co., 518 F. Supp. 2d. 657, 660 (D.S.C. 2007) ("In this case, the determination that Plaintiff wishes to establish would not dispose of any of Plaintiff's claims entirely. As a result, the motion must fail simply for its improper form."), N.J. Auto. Ins. Plan v. Sciarra, 103 F. Supp. 2d 388, 396 (D.N.J. 1998) ("Nothing in this rule can be read to allow partial summary judgment on only one portion of a claim."), Rapid Funding Group, Inc. v. Keybank Nat'l Ass'n, 2009 WL 2878545, at *15 (D. Or. Sept. 2, 2009) (unpublished) ("I therefore concur with the courts concluding that, other than determining the preclusive effect of prior proceedings, piecemeal adjudication of less than all of the elements of liability for a single cause of action is not permitted under Rule 56."). That is, while summary judgment

can dispose of one claim of many in a complaint, it cannot dispose of only a portion of a single claim.[2]

Here, it is clear from the Parties' Briefs that regardless of the Court's decision, no judgment can be entered because a material issue of fact will remain as to whether the workers are independent contractors or employees. (Doc. 17; Doc. 20, Ex. 10 at 2; Doc. 21, Ex. 1 at 5-6.) While the Court is sympathetic to the Parties' desire to avoid unnecessary discovery, the law squarely forecloses these Motions.[3] Therefore, these Motions must be **DISMISSED**.

---

[2] Federal Rule of Civil Procedure 56(d) provides two exceptions to this rule, neither of which is applicable. One exception allows a court to determine that certain facts are not at issue, Fed. R. Civ. P. 56(d)(1), and the other allows a court to determine liability but not damages, Fed. R. Civ. P. 56(d)(2). Here, the Parties' request, seeking a hypothetical legal determination, does not fall under either exception. Moreover, even if the request fell under these exceptions, "[c]ourts have consistently declined to use Rule 56(d) to authorize an independent motion to establish certain facts as true." Mathewson, 518 F. Supp. 2d at 660 (citing cases); accord Arado v. Gen. Fire Extinguisher Corp., 626 F. Supp. 506, 509 (N.D. Ill. 1985) ("There is no such thing as an independent motion under Rule 56(d)."). Indeed, "Rule 56(d)'s purpose is merely to salvage whatever constructive results have come from the judicial effort to resolve a full-fledged summary judgment motion." Id. Accordingly, even if the Parties were attempting to file motions under Rule 56(d), they would still be denied because the parties cannot file motions under this rule.

[3] Even if the Court could decide motions such as these, the Parties have failed to agree upon the exact issue and assumptions they seek to put before the Court. (See, e.g., Doc. 29 at 2 (arguing that Plaintiff has incorrectly assumed that the drivers at issue are employees); Doc. 28 at 1-2 (arguing that Defendant has incorrectly assumed that the drivers are independent contractors).) In the context of these Motions, the

## CONCLUSION

Before the Court are the Parties' Cross-Motions for Partial Summary Judgment. (Docs. 20, 21.) Because these Motions are improper they are **DISMISSED**.

SO ORDERED this 24th day of March, 2010.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Parties failure to agree on the hypothetical posed to Court makes any decision of the question impossible.